IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PERTRICEE HOLLINGTON, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>V.<br><br>CDM FEDERAL PROGRAMS CORPORATION<br><br>Defendants. | §<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 4:20-CV-1691<br>§<br>§  JURY TRIAL DEMANDED<br>§<br>§<br>§<br>§<br>§ |

## COLLECTIVE ACTION COMPLAINT

1. Plaintiff Pertricee Hollington ("Plaintiff") brings this suit against CDM Federal Programs Corporation ("Defendant") to recover regular and overtime wages under the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. §§ 207(a)(1), 216(b). Plaintiff asserts his FLSA claims on behalf of himself and Defendant's current and former employees.

## JURISDICTION AND VENUE

2. The Court has jurisdiction because Plaintiff's claims arise under the FLSA.

3. Venue is proper in the United States District Court for the Southern District of Texas – Houston Division because a substantial part of the events or omissions giving rise to the claims occurred in this District and Division. *See* 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff Pertricee Hollington resides in New York.

5. Defendant is a corporation organized in Massachusetts.

6. Defendant may be served through its registered agent for service, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

**FLSA COVERAGE**

7. Throughout the three-year period immediately preceding the filing of this lawsuit and continuing thereafter ("the Claims Period"), Defendant employed two or more employees and had annual revenue of at least $500,000.

8. Throughout the Claims Period, Defendant was an enterprise engaged in commerce or in the production of goods for commerce.

9. Throughout the Claims Period, Defendant had employees engaged in commerce or in the production of goods for commerce, and Defendant had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

10. Throughout the Claims Period, Plaintiff and all similarly situated employees were engaged in interstate commerce or in the production of goods for commerce.

11. Throughout the Claims Period, Defendant was an employer of Plaintiff and all similarly situated employees.

12. Throughout the Claims Period, Plaintiff and all similarly situated individuals were Defendant's employees.

13. Throughout the Claims Period, Defendant employed Plaintiff and all similarly situated employees.

**FLSA VIOLATION**

14. Defendant is part of an organization that secured a contract with the Federal Emergency Management Agency ("FEMA"). The federal contract is known as the Public Assistance Technical Assistance Contract III ("PA TAC III").

15. In September 2017, Defendant's organization secured a task order through the PA TAC III contract to provide services related to Hurricane Harvey's damage in Texas. Defendant

provided services under PA TAC III until January 2019. In January 2019, Defendant's organization secured a new five-year contract, known as PA TAC IV.

16. Plaintiff worked as an inspector for Defendant under PA TAC III and PA TAC IV. From approximately August 5, 2018 to approximately August 28, 2018, Plaintiff received training in Austin, Texas. From approximately August 29, 2018 to approximately July 31, 2019, Plaintiff worked as an inspector for Defendant in Houston, Texas under PA TAC III. Then, from approximately October 1, 2019 to approximately January 15, 2020, Plaintiff performed work for Defendant as an inspector in Springfield, Missouri under PA TAC IV.

17. As an inspector, Plaintiff was primarily responsible for taking measurements and documenting damage by describing his observations in a report. Plaintiff was not responsible for assigning any value to the damage. He was merely responsible for documenting the damage. Defendant's organization has a separate department that is responsible for assigning value to the documented damage.

18. Defendant paid Plaintiff on an hourly basis.

19. From approximately August 5, 2018 to approximately January 13, 2019, Defendant paid Plaintiff $50.00 for each accepted hour he recorded in the company's timekeeping system. From approximately January 13, 2019 to approximately January 8, 2020 Defendant paid Plaintiff $55.00 for each accepted hour he recorded in the company's timekeeping system.

20. Plaintiff worked overtime (*i.e.*, more than 40 hours per week) for Defendant on numerous occasions during the Claims Period.

21. Defendant did not pay Plaintiff one-and-one-half times his regular rate of pay for each overtime hour he worked during the Claims Period.

22. Instead, Defendant paid Plaintiff his hourly rate (*i.e.*, "straight time") for each accepted work hour he recorded in the company's timekeeping system, including his overtime hours.

23. Defendant paid all employees who worked in positions similar to Plaintiff's in the same manner.

24. By engaging in this pay practice, Defendant deprived its employees of their right to receive time-and-a-half pay for their overtime hours.

25. Defendant also violated the FLSA by failing to pay Plaintiff for all of the hours he worked each week. Plaintiff worked, on average, 5 to 10 hours per week "off the clock" because he was not permitted to record those hours in the company's timekeeping system. Defendant did not pay Plaintiff any wages for those hours.

26. Defendant may argue Plaintiff was exempt from the FLSA's time-and-a-half requirement, but Defendant's compensation policy and practice does not satisfy the FLSA's salary-basis test for exempt employees. *See* 29 C.F.R. § 541.602(a)(1) ("[A]n exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked.").

27. When Plaintiff recorded fewer than 40 hours, Defendant paid him his standard hourly rate for each hour he recorded, just as it did when he recorded more than 40 hours. Defendant's policy and practice of paying Plaintiff in this manner does not satisfy the salary-basis test for exempt employees.

28. Plaintiff's work as an inspector also does not satisfy the job-duties requirements for any overtime-pay exemptions under the FLSA. The FLSA's white-collar regulations explain that inspection work does not satisfy the first or second prong of the administrative exemption.

*See* 29 C.F.R. § 541.203(g) ("Ordinary inspection work does not meet the duties requirements for the administrative exemption"); *see also* 29 C.F.R. § 541.203(j) ("[I]nspectors or investigators of various types … generally do not meet the duties requirements for the administrative exemption because [1] their work typically does not involve work directly related to the management or general business operations of the employers [and 2] their work involves the use of skills and technical abilities in gathering factual information, applying known standards or prescribed procedures, determining which procedures to follow, or determining whether prescribed standards or criteria are met.").

29. Defendant owes Plaintiff .5 times his regular rate of pay for each recorded overtime hour he worked each week during the Claims Period, plus liquidated damages in the same amount.

30. Defendant owes Plaintiff his straight time pay for each non-overtime hour he worked off the clock each week during the Claims Period, plus liquidated damages in the same amount.

31. Defendant owes Plaintiff 1.5 times his regular rate of pay for each overtime hour he worked off the clock each week during the Claims Period, plus liquidated damages in the same amount.

32. Plaintiff is also entitled to an award for all reasonable attorneys' fees and costs associated with prosecuting this lawsuit.

## COLLECTIVE ALLEGATIONS

33. Plaintiff incorporates the prior allegations in this Complaint and restates them here on behalf of all individuals who were paid straight time for overtime hours each week during the Claims Period.

34. Defendant paid these individuals on an hourly basis. Defendant did not pay them time-and-a-half for the overtime hours they worked each week. Instead, Defendant paid them straight time for the recorded overtime hours they worked each week.

35. Plaintiff and these similarly situated workers are hereafter referred to as "the Straight-Time Plaintiffs."

36. Plaintiff seeks to represent the interests of the Straight-Time Plaintiffs who have been deprived of their overtime pay in violation of the FLSA.

37. The Straight-Time Plaintiffs often worked more than 40 hours a week during the Claims Period.

38. Defendant failed to pay the Straight-Time Plaintiffs 1.5 times their regular rates of pay for each hour they worked over 40 each week during the Claims Period.

39. Defendant owes the Straight-Time Plaintiffs .5 times their regular rates of pay for each hour they worked over 40 each week during the Claims Period, plus liquidated damages in the same amount.

40. The Straight-Time Plaintiffs are entitled to an award of attorneys' fees and costs associated with prosecuting this lawsuit.

41. The Straight-Time Plaintiffs are similarly situated because they were subjected to the same policy and practice. Defendant paid them on an hourly basis, and Defendant paid them

6

"straight time" for each recorded overtime hour instead of the time-and-a-half rate required by the Fair Labor Standards Act.

42. Given these factual circumstances, Plaintiff seeks to certify a collective action consisting of the following individuals:

> All Current and Former Employees Who Were Paid Straight Time Instead of Time-And-A-Half for Recorded Overtime Hours (Hours Over 40) They Worked During Any Week from May 14, 2017 to the Present.

43. Plaintiff reserves the right to modify the collective definition.

## **WILLFUL VIOLATION**

44. Defendant willfully violated the FLSA. Defendant either knew it should pay the Straight-Time Plaintiffs 1.5 times their regular rates of pay for each overtime hour worked or Defendant recklessly disregarded its obligation to do so. Likewise, Defendant either knew it should pay Plaintiff for all hours worked as required under the FLSA, or Defendant recklessly disregarded its obligation to do so.

## **JURY TRIAL DEMANDED**

45. Plaintiff demands a jury trial on all liability and damages issues raised in this lawsuit.

## **PRAYER FOR RELIEF**

Plaintiff Pertricee Hollington demands a judgment for himself and all similarly situated individuals against Defendant CDM Federal Programs Corporation for the following:

a. Unpaid regular and overtime wages;

b. Liquidated damages;

c. Prejudgment interest on all amounts awarded at the highest rate allowable by law;

d. Attorneys' fees and costs;

e. Post-judgment interest on all amounts awarded at the highest rate allowable by law; and

f. All other relief the Court finds proper.

                                                          Respectfully submitted,

                                                          THE CLIFFORD LAW FIRM, PLLC

By:    s/ Dennis A. Clifford
        Dennis A. Clifford
        Tex. Bar No. 24050431
        S.D. Tex. No. 611330
        712 Main Street, Suite 900
        Houston, TX 77002
        713-999-1833 – Telephone
        713-518-1701 – Facsimile
        dennis@cliffordemploymentlaw.com

        ATTORNEY-IN-CHARGE FOR ALL NAMED AND OPT-IN PLAINTIFFS